# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. NEWPORT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 09-0476-CV-W-DGK |
| STEPHEN DONALD GROSS, et al., | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit stems from Plaintiff pro se James Newport's relationships with various employers, co-workers, fellow union members, and neighbors. Newport has filed a sixty-nine page Third Amended Complaint that brings seven different causes of action against approximately twenty-seven different defendants. It is wide-ranging in scope and includes a RICO conspiracy, claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Energy Reorganization Act, the Americans with Disabilities Act, the Civil Rights Acts of 1871 and 1964, and a state law defamation claim against his neighbors arising from a dispute concerning some cottonwood trees. The common thread to these claims is that Newport believes the Defendants have all harmed him in some way.

Now before the Court is Defendants William and Susan Kattner's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 39). Finding that the Third Amended Complaint is factually and legally insufficient with respect to these defendants, the Motion is GRANTED.

### Standard of Review

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Because Plaintiff is proceeding pro se, his complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). That said, a pro se complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

Finally, a complaint must also set forth its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## Discussion

Defendants William and Susan Kattner are listed as defendants in Counts IV, V and VI. The Kattners move to dismiss arguing that (1) the Complaint fails to adhere to Rule 10(b); and (2) the Complaint fails to allege sufficient facts to support a claim for relief, and even if true, the allegations do not entitle Newport to relief.

A.      **The Court lacks subject matter jurisdiction over Count IV.**

The threshold question in every case is whether the court possess the power to hear the dispute.  Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Whenever it appears by suggestion of the parties or otherwise that a federal court lacks subject matter jurisdiction over a dispute, the court is obliged to dismiss the claim.  Fed. R. Civ. Pro. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

Count IV alleges state law claims of defamation and conspiracy to defame against the Kattners and others.  Newport contends the Court has subject matter jurisdiction to hear these claims under its supplemental jurisdiction, because they purportedly "arise out of the same transaction or occurrences that form part of the same Article III conspiracy case or controversies" as the claims over which the Court possesses original jurisidiction.  Compl. at p. 31.  The statue governing supplemental jurisdiction states,

> **(a)**  Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . .
>
> **(c)**  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if---
>   (1)  the claim raises a novel or complex issue of state law,
>   (2)  the claim substantially predominates over the claim or
> claims over which the district court has original jurisdiction,
>   (3)  the district court has dismissed all claims over which it has
> original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling
> reasons for declining jurisdiction.

28 U.S.C. § 1367.  In the case at hand the Court holds that Count IV is not sufficiently related to the claims over which it has original jurisdiction that Count IV can be said to part of the same

case or controversy. Read liberally, Count IV alleges that the Kattners are neighbors of Newport who were involved in a property dispute over some cottonwood trees in a ditch on the Kattners property, that Susan Kattner made a false criminal complaint which led to Newport's arrest, and that this arrest injured his ability to be employed. Compl. at pp. 32-37. While Count IV is similar to the other claims in that Newport alleges others have damaged his ability to find employment, that does not make Count IV part of the same case or controversy. Because it does not arise out of the same set of facts, the Court declines to exercise supplemental jurisdiction over Count IV.

Count IV is dismissed without prejudice for lack of subject matter jurisdiction.

**B.     The remaining counts against the Kattners are dismissed without prejudice.**

As for the remaining counts, Count V alleges violations of 42 U.S.C. §§ 1983 and 1985, and Count VI alleges a RICO conspiracy. These counts—and the entire Complaint—violate Rule 10(b)'s requirement that the allegations be set forth in numbered paragraphs. This violation is not fatal, however, because the Court could simply grant Newport leave to submit an amended Complaint with numbered paragraphs.

The insurmountable problem with these counts is that they are so bereft of specific factual allegations relating to the Kattners that they patently violate Rule 8(a). For example, Count V does not mention Susan Kattner at all, and mentions William Kattner only twice in the space of almost ten pages. It alleges that, "As part of this conspiracy, it was agreed by and between the defendants . . . SGS, UPS, UBC and MCC, Florida Power and Light Company and Calpine, the United Autoworkers Local 249 member William Kattner and DS Waters in the conduct of their respective offices, would protect the other defendants . . ." Compl. at p. 42. Several pages later it alleges: "This is also a witness tampering conspiracy between two or more

persons here [sic] Florida Power and Light Company, Calpine, UPS, UBC Millwrights Local 1529, William Kattner [sic] to deter witness by force, and intimidation or threat that each conspired to defame complainant . . ." Compl. at p. 47. With respect to the Kattners, this is plainly insufficient to establish facial plausibility and so violates the *Twombly/Iqbal* standard.

When a plaintiff violates Rule 8(a) a court may either grant leave to amend or simply dismiss the complaint. In this case after reviewing the proposed Fourth Amended Complaint the Court finds that granting Newport leave to amend would be futile. The allegations of an enormous conspiracy against the Plaintiff are even less plausible in the proposed Fourth Amended Complaint. Accordingly, all counts against the Kattners are dismissed.

Although Defendants have asked the Court to dismiss the claims against them with prejudice, they have not explained why this is appropriate. Consequently this dismissal is without prejudice.

**IT IS SO ORDERED.**

                                                /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT

Date: March 25, 2011