IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. NEWPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0476-CV-W-DGK |
| | ) | |
| STEPHEN DONALD GROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit stems from Plaintiff pro se James Newport's relationships with various employers, co-workers, fellow union members, and neighbors. Newport's sixty-nine page Third Amended Complaint names approximately twenty-seven different defendants in seven different causes of action, including a RICO conspiracy and claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Energy Reorganization Act, the Americans with Disabilities Act, the Civil Rights Acts of 1871 and 1964, and a state law defamation claim arising from a dispute over some cottonwood trees. The common thread to these claims is that Newport believes the Defendants have all harmed him in some way.

Now before the Court is Defendants the Board of Trustees of the Junior College District of Kansas City, Deborah Goodall, Tammy Heider, Mark James, and Vickie Mackey's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 79). Finding that the Third Amended Complaint is factually and legally insufficient, the Motion is GRANTED.

### Standard of Review

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Because Plaintiff is proceeding pro se, his complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). That said, a pro se complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

Finally, a complaint must also set forth its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

**Discussion**

Defendants move to dismiss the Third Amended Complaint, arguing that the it violates Rule 8 because it fails to allege facts sufficient to show the grounds upon which Plaintiff is entitled to relief from each of these individual Defendants, and that it violates Rule 10(b) because

it fails to state claims in numbered paragraphs limited to a single set of circumstances such that Defendants can respond to it.

**A.     The Complaint violates Rule 10(b).**

As an initial matter the Complaint violates Rule 10(b)'s requirement that the allegations be set forth in numbered paragraphs. This violation is not fatal, however, because the Court could simply grant Newport leave to submit an amended Complaint with numbered paragraphs.

**B.     The Complaint violates Rule 8(a).**

The insurmountable problem with the Complaint is that the allegations are confusing and difficult to follow, so much so that it would be an unfair burden on these Defendants to try and interpret and decode the potential claims against them.

When a plaintiff violates Rule 8(a) a court may either grant leave to amend or simply dismiss the complaint. In this case, after reviewing the proposed Fourth Amended Complaint, the Court finds that granting Newport leave to amend would be futile. The allegations in the proposed Fourth Amended Complaint of an enormous conspiracy against the Plaintiff are even less plausible than the allegations in the Third Amended Complaint. Accordingly, all counts against these Defendants are dismissed without prejudice.

The Motion is GRANTED.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Date: March 29, 2011