# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES F. NEWPORT, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-0476-CV-W-DGK |
| STEPHEN DONALD GROSS, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit stems from Plaintiff pro se James Newport's relationships with various employers, co-workers, fellow union members, and neighbors. Newport's sixty-nine page Third Amended Complaint names approximately twenty-seven different defendants in seven different causes of action, including a RICO conspiracy and claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Energy Reorganization Act, the Americans with Disabilities Act, the Civil Rights Acts of 1871 and 1964, and a state law defamation claim arising from a dispute over some cottonwood trees. The common thread to these claims is that Newport believes the Defendants have all harmed him in some way.

Now before the Court is Defendant Florida Power & Light Company's ("FP&L") Motion to Dismiss for Lack of Personal Jurisdiction (doc. 94). Because Plaintiff has not established that this Court has personal jurisdiction over FP&L, the Motion is GRANTED.

**Standard**

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. Once jurisdiction has been controverted or denied,

plaintiff has the burden of proving such facts." *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004). "The party seeking to establish the court's *in personam* jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Epps. v. Stewart Info. Services Corp.,* 327 F.3d 642, 647 (8th Cir. 2003); *see also Inst. Food Mktg. Assoc., Ltd. v. Golden State Strawberries, Inc.,* 747 F.2d 448, 452 (8th Cir. 1984). Plaintiff's complaint must allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Id.* at 453.

In evaluating whether personal jurisdiction exists over a non-resident defendant, the court applies a two-step inquiry. First, the court must determine whether Missouri's long-arm statute[1] applies. *See Angelica Corp. v. Gallery Mfg. Corp.,* 904 F. Supp. 993, 996 (E.D. Mo. 1995). Second, if the statute applies, the court must determine that the exercise of "personal jurisdiction over defendant comports with the Due Process Clause of the Fourteenth Amendment." *Id.* Under Missouri law, a determination of whether the state's long-arm statute has been satisfied is coextensive with whether the exercise of personal jurisdiction meets the requirements of due process, "and the analysis is collapsed into the single question of whether asserting jurisdiction violates the Due Process Clause." *Bell v. Imperial Palace Hotel/Casino, Inc.,* 200 F. Supp. 2d

---

[1] Missouri's long-arm statute provides:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
> (1) The transaction of any business within the state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state;
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting; . . .

Mo. Rev. Stat. § 506.500.

1082, 1085 (E.D. Mo. 2001). Thus, this Court need only consider whether the exercise of jurisdiction in this case would comport with due process.

"Due process requires 'minimum contacts' between a nonresident defendant and the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Steinbuch v. Cutler,* 518 F.3d 580, 585 (8th Cir.2008) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980)). These contacts must be such that the defendant "should reasonably anticipate being haled into court" in Missouri. *World-Wide Volkswagen,* 444 U.S. at 297. "The minimum contact inquiry focuses on whether the defendant [has] purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws." *Steinbuch,* 518 F.3d at 586 (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

The Eighth Circuit has outlined several factors the court must analyze in determining whether there are sufficient minimum contacts that due process has been satisfied: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996). The first three factors are of primary importance; the last two are secondary factors. *See Minnesota Min. and Mfg. Co. v. Nippon Carbide Indus. Co.,* 63 F.3d 694, 697 (8th Cir. 1995). When evaluating the third factor, the Eighth Circuit distinguishes between specific jurisdiction and general jurisdiction. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087 (8th Cir. 2008).

Specific jurisdiction refers to jurisdiction over causes of action "arising out of" or that "relate to" a defendant's actions within the forum state. *Burger King Corp. v. Rudzewicz,* 471

U.S. 462, 472 (1985); *Miller*, 528 F.3d at 1091. The minimum contacts inquiry for specific jurisdiction focuses on the "relationship among the defendant, the forum and the litigation," and requires "a substantial connection" that "come[s] about by an action of the defendant purposefully directed toward the forum state." *Asahi Metal Indus. Co. v. Super, Ct. of Cal.,* 480 U.S. 102, 112 (1987).

General jurisdiction refers to the power of a state to adjudicate a cause of action against a non-resident defendant regardless of where the cause of action arose if the defendant has "continuous and systematic contacts with the forum state." *Dever,* 380 F.3d at 1073; *see Miller,* 528 F.3d at 1091. General jurisdiction is appropriate only where a defendant has sufficient "minimum contacts" with the forum state that are more than "random, fortuitous, or attenuated," such that summoning the defendant would not offend traditional notions of fair play and substantial justice. *Burger King Corp.,* 471 U.S. at 475; *Pecoraro v. Sky Ranch for Boys, Inc.,* 340 F.3d 558, 561-62 (8th Cir. 2003). The inquiry focuses on the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977). A court's exercise of general jurisdiction over a defendant is permissible only where the defendant's contacts with the forum state are continuous and systematic. *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 416 (1984).

## Discussion

**I. Newport has failed to allege that Florida Power & Light is subject to personal jurisdiction in Missouri.**

**A. Newport has failed to allege a basis for the exercise of specific jurisdiction.**

The assertion of specific jurisdiction requires that the alleged causes of action arise out of or relate to the defendant's activities within the forum. *Burger King,* 471 U.S. at 472). Under

4

Missouri law, jurisdiction must "be based upon the act or conduct set forth in the statute, and the cause of action must arise from the nonresident defendant's activities in Missouri." *Moog World Trade Corp. v. Bancomer, S.A.,* 90 F.3d 1382, 1384 (8th Cir. 1996) (internal quotation and citation omitted).

The allegations in the Third Amended Complaint ("the Complaint") fall short of establishing a prima facie showing of jurisdiction over FP&L under Missouri's long arm statute. The Complaint alleges that, "Florida Power and Light . . . owns and operates as the licensee the Duane Arnold nuclear power plant and on information and belief does business in the state of Missouri." It does not allege any specific facts linking FP&L to any actions in Missouri, nor does it identify any overt act of FP&L that is enumerated in Missouri's long arm statute.

At the same time, FP&L has submitted affidavits proving it is not now, nor has it ever, done business, made a contract, or otherwise engaged in activities in Missouri which would subject it to the Court's jurisdiction. The Duane Arnold nuclear plant, for example, is located in Iowa. Consequently, there is no basis for specific jurisdiction.

**B.     Plaintiff has failed to allege a basis for the exercise of general jurisdiction, or establish that the exercise of personal jurisdiction would comport with due process.**

Even if the requirements of Missouri's long-arm statute were satisfied here, Plaintiff cannot establish that the exercise of personal jurisdiction over FP&L comports with due process. To meet the requirements of the due-process clause, a plaintiff must demonstrate that a defendant has sufficient minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).

Here, the Court cannot exercise general jurisdiction over FP&L because it does not have the requisite substantial and continuous contacts with Missouri. *See Davis v. Baylor Univ.,* 976 S.W.2d 5, 7 (Mo. Ct. App. 1998). In this case FP&L never consented to the exercise of general jurisdiction in Missouri; authorized an agent to accept service of process in Missouri; operated or managed any business in Missouri; has been licensed or authorized to do business in Missouri; had an office or place of business in Missouri; maintained any books or records in Missouri; used, owned, rented, or possessed any real or personal property in Missouri; or had a telephone number in Missouri.

Additionally, the two secondary factors from the *Burlington Industries* test, the interest of the forum state in providing a forum for its residents and the convenience of the parties, do not support the exercise of personal jurisdiction over FP&L, particularly in light of FP&L's lack of connection with Missouri and the reluctance of Missouri courts to exercise general jurisdiction over non-resident defendants. *See Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 708 (8th Cir. 2003). Consequently, Newport has failed to allege sufficient facts for the Court to exercise personal jurisdiction over FP&L.

The Motion (doc. 94) is GRANTED, and the Complaint against FP&L is dismissed without prejudice.

**IT IS SO ORDERED.**

Date: March 29, 2011                     /s/ Greg Kays
                                                       GREG KAYS, JUDGE
                                                       UNITED STATES DISTRICT COURT