IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. NEWPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0476-CV-W-DGK |
| | ) | |
| STEPHEN DONALD GROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PRELIMINARY INJUNCTION**

This lawsuit stems from Plaintiff pro se James Newport's relationships with various employers, co-workers, and fellow union members. Newport's sixty-nine page Third Amended Complaint names approximately twenty-seven different defendants in seven different causes of action, including a RICO conspiracy and claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Energy Reorganization Act, the Americans with Disabilities Act, the Civil Rights Acts of 1871 and 1964, and a state law defamation claim arising from a dispute over some cottonwood trees. The common thread to these claims is that Newport believes the Defendants have all harmed him in some way.

Now before the Court is the motion captioned "Complainant's FRCP 65 Motion and Memorandum for Temporary Restraining Order and For Preliminary Injunction Against SGS and UBC" (doc. 115). Plaintiff seeks a preliminary injunction against Defendants Siemens Generation Services ("SGS") and United Brotherhood of Carpenters ("UBC") which would essentially enjoin them from doing anything that might hurt his employment prospects, including communicating any negative information Defendants might have about Plaintiff's work history.

Finding that Plaintiff has not demonstrated a likelihood of prevailing on the merits, any threat of irreparable harm, or that it is in the public interest that an injunction be issued, the Motion is DENIED.

**Standard for issuing a preliminary injunction.**

In determining whether to grant a preliminary injunction the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative, they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Dev., LP. v. Ninth Street Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). An injunction is an extraordinary remedy and the movant bears the burden of establishing the need for such relief. *Id*.

**Discussion**

I.  **Plaintiff is not entitled to a preliminary injunction.**

    A.  **He has not demonstrated a fair chance of prevailing on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests. *Noodles Dev., LP.*, 507 F. Supp. 2d at 1034 (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485.

In the present case the motion and memorandum does not even address the question of whether Plaintiff will prevail on the merits. It does not mention the different causes of action,

their elements, or how Plaintiff is likely to establish these elements and prevail at trial. Consequently it does not demonstrate a fair chance of prevailing on the merits.

        **B.**      **There is no threat of irreparable harm to Plaintiff.**

To demonstrate a sufficient threat of irreparable harm the moving party must show that there is no adequate remedy at law, that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Dev.*, 507 F. Supp.2d at 1036-37. Newport seeks an order (1) directing SGS to grant him equal access to millwright employment, and refrain from communicating to any third party any information which could be construed as damaging Newport's name, character, or employment record; and (2) restraining UBC and "its subordinate local Millwright unions" from refusing to refer him to prospective employers, provide him with contact information for employers, or "enforcing compulsorily [sic] unionism" in any right to work state. All of these remedies are aimed at preventing the deterioration of his job skills and preserving Newport's employment possibilities. But if Defendants have been unlawfully damaging Newport's employment prospects, thus causing him a loss of earnings, money damages should be adequate to compensate him. Consequently there is no threat of irreparable harm here.

        **C.**      **The threat of irreparable harm to Plaintiff does not outweigh the risk of injury granting the injunction will inflict on Defendants.**

Since there is no threat of irreparable harm to Newport here, granting the injunction—which will force Defendants to alter the employment decisions they have made with respect to Newport—risks inflicting an injury on Defendants that outweighs any risks associated with not granting the injunction.

**D. The public interest weighs against granting the injunction.**

Newport argues that granting the injunction is in the public interest because it will protect the right to work of other nonunion employees in right to work states. This assumes, of course, that the rights of Newport and other nonunion employees have been violated, something that has not yet been established, thus the Court cannot say that the public interest weighs in favor of granting the injunction. On the other hand, it is against the public interest to have a federal district court enjoining a former employer and unions from communicating negative information about a potential job applicant to prospective employers absent substantive evidence of wrongdoing by the former employer or unions. Accordingly, the Court holds the public interest weighs against granting an injunction.

## Conclusion

Finding that Plaintiff has not met his burden of establishing the need for an injunction, the motion is DENIED.

**IT IS SO ORDERED.**

Date: March 30, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT