# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. NEWPORT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:09-cv-00476-DGK |
| STEPHEN DONALD GROSS, et. al., | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

This lawsuit stems from Plaintiff pro se James Newport's relationships with various employers, co-workers, fellow union members, and neighbors. Newport has filed a sixty-nine page Third Amended Complaint that brings seven different causes of action against approximately twenty-seven different defendants. It is wide-ranging in scope and includes a RICO conspiracy, claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Energy Reorganization Act, the Americans with Disabilities Act, the Civil Rights Acts of 1871 and 1964, and a state law defamation claim against his neighbors arising from a dispute concerning some cottonwood trees. The common thread to these claims is that Newport believes the defendants have all harmed him in some way.

Now before the Court is Defendant Enerfab, Inc.'s ("Enerfab") Motion for Judgment on the Pleadings (doc. 154). Finding that the Third Amended Complaint is factually and legally insufficient with respect to this defendant, the Motion is GRANTED.

### Standard

When considering a motion for judgment on the pleadings, the Court accepts as true the facts pled by the nonmoving party and grants all reasonable inferences in favor of the nonmoving

party.  *See Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004).  When a 12(c) judgment on the pleadings motion asserts procedural defects that could also form the basis of a 12(b)(6) motion, the 12(c) motion is reviewed under the same standard that governs 12(b)(6) motions.  *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  *See also* 5c Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 1998).  As such, the *Twombly*/*Iqbal* standard still applies to 8(a) challenges that are raised as a 12(c) judgment on the pleadings.  *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal/Twombly* standard to a Rule 12(c) motion); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (same).

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  To avoid dismissal for an 8(a) deficiency, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Because Plaintiff is proceeding pro se, his complaint is liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  That said, a pro se complaint "still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

## Discussion

Defendant Enerfab moves for Judgment on the Pleadings arguing that the complaint fails to adhere to Rule 8(a).  Defendant references several of this Court's prior orders granting Motions to Dismiss for 8(a) deficiencies. (Docs. 137, 138, 139, 142).  The Court finds that the

Complaint contains the same deficiencies with respect to Defendant Enerfab. Enerfab is mentioned only three times in the sixty-nine page Complaint, and the only direct allegations appear as bald assertions of conspiracy and employment blacklisting. Without additional factual content, these claims fail under the *Iqbal* standard. Further, the insurmountable problem with the Complaint is that the allegations are confusing and difficult to follow, so much so that it would be an unfair burden on Enerfab to try and interpret and decode the potential claims against it.

When a plaintiff violates Rule 8(a) a court may either grant leave to amend or simply dismiss the complaint. In this case, after reviewing the proposed Fourth Amended Complaint, the Court finds that granting Newport leave to amend would be futile. The allegations in the proposed Fourth Amended Complaint of an enormous conspiracy against the Plaintiff are even less plausible than the allegations in the Third Amended Complaint. Accordingly, all counts against Enerfab are dismissed without prejudice.

## Conclusion

For the foregoing reasons Defendant's Motion for Judgment on the Pleadings (doc.154) is GRANTED.

**IT IS SO ORDERED.**

DATE: July 29, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT