IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. NEWPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-0476-CV-W-DGK |
| | ) | |
| STEPHEN DONALD GROSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS**

This lawsuit arises out of Plaintiff *pro se* James Newport's relationships with various employers, co-workers, fellow union members, and neighbors. Newport's Third Amended Complaint (doc. 43) ("the Complaint") names approximately twenty-seven defendants in seven disparate causes of action. Newport alleges violations of the civil RICO statute, the Uniformed Services Employment and Reemployment Rights Act of 1994, the Energy Reorganization Act, the Americans with Disabilities Act, and the Civil Rights Acts of 1871 and 1964. Newport also brings a state law claim for defamation stemming from a dispute over cottonwood trees. The common thread to these claims is that Newport believes Defendants have all harmed him in some way.

Now before the Court are Defendants Millwrights Local 1529's ("Local 1529") and Frank Anderson's Motion for Judgment on the Pleadings (doc. 167) and Defendant Aeron Christensen's Motion for Judgment on the Pleadings (doc. 169). Defendants argue the Complaint violates Federal Rules of Civil Procedure 8(a) and 12(c) because it fails to state any plausible claims against them. Plaintiff has responded by filing a one paragraph statement which

1

incorporates by reference a previous filing, "Complaintant's Motion to Amend the Complaint to Conform with the Evidence, Suggestions in Opposition to Kattner Motion to Dismiss" (doc 78).

Finding that the Complaint fails to state a claim upon which relief may be granted against Defendants Local 1529, Frank Anderson, and Aeron Christensen, the motions are GRANTED.

## Standard of Review

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It must "allege enough facts to 'nudge' its claims 'across the line from conceivable to plausible.'" *Rinehart v. Envtl. Dynamics, Inc.*, No. 09-4221-CV-C-NKL, 2010 WL 55969, at *1 (W.D. Mo. Jan. 4, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Because Plaintiff is proceeding pro se, his complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). That said, a pro se

2

complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

The form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a variety of motions, including a motion for judgment on the pleadings brought under Rule 12(c). 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1203 (3d ed. 2004). A motion brought under Rule 12(c) motion may raise a 12(b)(6) defense after the close of the pleadings, so long as the defendant has filed an answer. *See* 5C *Fed. Prac. & Proc.* § 1367.

## Discussion

Defendants argue that the Complaint attributes almost no factual acts or omissions to them, and so should be dismissed against them for failure to state a claim. Plaintiff's incorporated brief opposing the motion, which was filed before Defendants even filed their motion, is unresponsive and cannot be construed as contesting the motions.

After carefully reviewing the Complaint and construing it liberally in Newport's favor, the Court holds it fails to state plausible allegations against Defendants Local 1529, Frank Anderson, and Aeron Christensen. Defendant Christensen is mentioned only once in the entire 69 page complaint, when it refers to him as a "Racketeer person defendant." This is not enough to comply with Rule 8(a), much less meet the heightened pleading requirements of a civil RICO action. Although the Complaint mentions Local 1529 and Frank Anderson more than once, it still fails to allege sufficient facts for the Court to draw a reasonable inference that they are liable for any misconduct. For example, with respect to the Americans with Disabilities Act claim brought against Frank Anderson and 1529, aside from boilerplate allegations made against all Defendants, it alleges only that, "Complainant raised the issue of filing grievances for invidious

discrimination against qualified handicapped persons but was shouted down by Millwrights Local 1529 Business Agent Frank Anderson."

Finally, the Court notes that it has previously granted various other Defendants' motions to dismiss for the same reason. *See* Orders dated March 29, 2011 (docs. 137 – 140, 142) (finding the Complaint fails to state a claim against other Defendants). The Complaint is patently defective, and a lengthy order repeating the Court's observations about these deficiencies would serve no useful purpose.

The motions for judgment on the pleadings (docs. 167, 169) are GRANTED.

**IT IS SO ORDERED.**

Date: February 16, 2012                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT